**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>HAMPSHIRE GROUP, LIMITED,<br><br>Debtor.<br><br>Tax I.D. No. 06-0967107 | Chapter 11<br><br>Case No. 16-12634 (LSS) |
| In re:<br><br>HAMPSHIRE BRANDS, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 06-0961174 | Chapter 11<br><br>Case No. 16-12635 (LSS) |
| In re:<br><br>HAMPSHIRE INTERNATIONAL, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 45-2685327 | Chapter 11<br><br>Case No. 16-12636 (LSS) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING
THE AUTOMATIC STAY PROVISIONS OF BANKRUPTCY CODE
SECTION 362 TO TWO NON-DEBTOR OFFICER DEFENDANTS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby

file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto

(the "Proposed Order"), extending the automatic stay provisions and protections of Section 362 of title

11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended or modified, the "Bankruptcy

Code") to and for the benefit of Paul Buxbaum ("Buxbaum"), the President and Chief Executive

Officer of Debtor Hampshire Group, Limited and Debtor Hampshire Brands, Inc., as well as a member

of their Boards of Directors,[1] and William Drozdowski ("Drozdowski"), the Debtors' Interim Chief Financial Officer and Secretary (together with Buxbaum, the "Non-Debtor Defendants"), for a discrete and limited period of time.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.       This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The bases for the relief requested herein are Bankruptcy Code sections 105(a) and 362.

## BACKGROUND

*The Debtors' Bankruptcy Cases*

3.       On November 23, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.       The Debtors continue to operate their businesses and manage their properties as debtors- in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.  As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in these Chapter 11 cases.

5.       Debtor Hampshire Group, Limited (the "Debtor Parent"), along with its wholly-owned subsidiary, Debtor Hampshire Brands, Inc., are providers of fashion apparel across a broad range of product categories, channels of distribution and price points.  Together, they specialize in designing and marketing men's sportswear to department stores, chain stores and mass market retailers under licensed brands, their own proprietary brands and the private label brands of their customers.

---

[1] Buxbaum also serves as the President and Chief Executive Officer of Debtor Hampshire International, LLC.

149265.01600/104104155v.1

6.       In June of this year, having defaulted under their senior secured credit facility with senior secured lender Salus CLO 2012-1, LTD. ("Salus"), the Debtors determined that it was (and remains) in the best interests of creditors and stakeholders for the Debtors to pursue a structured and orderly wind-down and liquidation of their businesses.[2]  Since that time, the Debtors have operated under and pursuant to weekly budgets, with the approval of their senior secured lender, Salus, and in furtherance of their value-maximizing liquidation and controlled wind-down strategy.

***The Prepetition Civil Action***

7.       Since the commencement of the orderly liquidation process in late June of this year, the Debtors have continued to hew to their fiduciary duties in an effort to maximize recoveries in the context of the wind-down process, with the twin goals of satisfying the secured indebtedness owing to Salus (presently in the approximate amount of $7.4 million), and hopefully being well positioned to effectuate a modest pro rata distribution to unsecured creditors holding allowed claims.  Importantly, this was being done outside of a formal bankruptcy setting, in order to avoid incurring the administrative fees and expenses associated with a Chapter 11 filing(s).

8.       Regrettably, that all changed when two litigants—Onewoo Corporation and V.J One Corporation—commenced a civil action on June 17, 2016 in the United States District Court for the Southern District of New York at Case Number 1:16-cv-4623 (PKC) against Debtor Hampshire Brands, Inc. and the Parent Debtor *as well as the Non-Debtor Defendants* (the "Civil Action"), seeking

---

[2] Indeed, the Debtor Parent's website disclosed the following information, as of July 11, 2016:

> "Hampshire Group, Limited (OTC Markets: HAMP) ("Hampshire" or "the Company") today announced that the Company has reached an agreement with its primary licensor, Levi Strauss & Co., and its senior secured lender with respect to its licenses to produce Dockers® brand clothing. Hampshire will transition the Dockers® licenses back to Levi Strauss & Co. along with related product development, production processes and sourcing relationships, and liquidate its receivables and other assets with the goal of paying off its outstanding indebtedness with its lender. The lender agreed to fund the Company's completion of identified purchase orders. The Company expects the transition process to be completed by early October 2016.  The Company anticipates entering into a separate agreement with its secured lender to fund certain other aspects of the Company's operations during the transition period."

149265.01600/104104155v.1

a monetary judgment for an amount in excess of $3.4 million against all of the named defendants.  A true and correct copy of the complaint in the Civil Action is attached hereto as **Exhibit A** and incorporated herein by reference.

9.      Notably, all four defendants, including the Non-Debtor Defendants, dispute the validity and amount of the claims sought by the plaintiffs.  As to them in particular, the Non-Debtor Defendants vigorously dispute the allegations asserted against them in their individual capacity.

10.     In the course of the Civil Action, the plaintiffs sought to invoke extraordinary relief available in only limited circumstances under New York law for the imposition of a prejudgment attachment against the Debtor Defendants' assets.  The Debtor Defendants opposed the request, and Salus sought and obtained permission to intervene for the purpose of also interposing its opposition to the relief sought by the plaintiffs.  Notwithstanding this, the District Court granted a prejudgment attachment against the Debtor Defendants (but not the Non-Debtor Defendants) in the amount of $3,428,111.71 by Order dated November 15, 2016.

11.     In the face of the attachment, and the Debtors' inability to reach a consensual resolution with the plaintiffs in the Civil Action, the Debtors had little alternative but to seek relief under Chapter 11 with the hope of consummating the wind-down process that has been underway since late June, and which is only weeks away from being completed, based on the Debtors' current assumptions and projections.

12.     The Civil Action is now stayed as to the Debtor Defendants pursuant to the automatic stay.  11 U.S.C. § 362.  The Debtors bring this Motion before the Court seeking relief to extend the automatic stay for the purpose of enjoining the continued prosecution of the Civil Action as against the Non-Debtor Defendants, through and including January 31, 2017 (the "Effective Date"), without prejudice to the Debtors' ability to request a further extension of the Effective Date.

-4-

13.     If the Civil Action continues against the Non-Debtor Defendants, they will continue to face extensive and burdensome discovery, and these individuals so critical to any reorganization (*albeit* in the context of a liquidation) will undoubtedly be distracted from their bankruptcy-related obligations in order to deal with the Civil Action.  Indeed, the plaintiffs have already served voluminous discovery requests on the Non-Debtor Defendants and have also sought to take their depositions, all of which distracts these key officers from their overriding responsibility to shepherd the Debtors through these important Chapter 11 cases.[3]

14.     For this reason, the Debtors request that the automatic stay be extended in favor of the Non-Debtor Defendants in the Civil Action through and including the Effective Date.

***The Parent Debtor's Indemnification Obligations***

15.     Extension of the stay is likewise warranted because continuation of the Civil Action against the Non-Debtor Defendants in the short term would likely expose the Debtors' estates to indemnification claims by the Non-Debtor Defendants, further jeopardizing property of these estates as well as the ongoing liquidation effort.

16.     Pursuant to the Certificate of Amendment of the Restated Certificate of Incorporation of Debtor Hampshire Group, Limited, the Parent Debtor, dated as of May 5, 1992 (as further amended or modified, the "Certificate of Incorporation"), the Parent Debtor is obligated to indemnify, defend and hold harmless the Non-Debtor Defendants to the fullest extent permitted by applicable law.[4]  A

---

[3] At present, the Debtors only have thirteen (13) individuals in their employ, and only four (4) of them perform accounting-related functions.

[4] The Ninth clause provides as follows:

"A. The Corporation shall indemnify to the fullest extent permitted under and in accordance with the laws of the State of Delaware any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative by reason of the fact that he is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, trustee, employee or agent of or in any other capacity with another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines

true and correct copy of the Certificate of Incorporation is attached hereto as **Exhibit B** and incorporated herein by reference. The Non-Debtor Defendants, in their respective officer capacities (and a director, as to Buxbaum) are clearly covered persons under the terms of the Certificate of Incorporation. Accordingly, the Parent Debtor is obligated to indemnify them to the fullest extent permitted under applicable law, which would include litigation concerning any actions taken in their respective capacities as the Debtors' President and CEO and Interim CFO and Secretary, respectively.

## RELIEF REQUESTED

17.     By this Motion, the Debtors seek entry of the attached Proposed Order extending the protections of the automatic stay provided by Bankruptcy Code section 362 to the Non-Debtor Defendants for a discrete and limited time – *to wit*, through and including the Effective Date, which is a mere 8 ½ weeks from now.

---

and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. The indemnification and other rights set forth in this paragraph shall not be exclusive of any provisions with respect thereto in the By-laws or any other contract or agreement between the Corporation and any other officer, director, employee or agent of the Corporation.

B. No director shall be personally liable to the Corporation or any stockholder for monetary damages for breach of fiduciary duty as a director, except for any matter in respect of which such director (a) shall be liable under Section 174 of the General Corporation Law of the State of Delaware or any amendment thereto or successor provision thereto, or (b) shall be liable by reason that, in addition to any and all other requirements for liability, he:

(i) shall have breached his duty of loyalty to the Corporation or its stockholders;

(ii) shall not have acted in good faith or, in failing to act, shall not have acted in good faith;

(iii) shall have acted in a manner involving intentional misconduct or a knowing violation of law or, in failing to act, shall have acted in a manner involving intentional misconduct or a knowing violation of law; or

(iv) shall have derived an improper personal benefit.

If the General Corporation Law of the State of Delaware is amended after July l, 1990 to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the General Corporation Law of the State of Delaware, as so amended."

18.      If the Civil Action is allowed to continue, the Debtors' prospects for confirming a liquidating plan will be impaired, thwarting the Congressional purpose of providing the Debtors with a breathing spell from litigation pressures in connection with their efforts to confirm a plan of reorganization.

19.      Accordingly, the automatic stay should extend to the Non-Debtor Defendants in the Civil Action.  Simply stated, if it continues, and is not stayed or enjoined at least for the short term, the Debtors' estates will be harmed and their controlled liquidation efforts will most assuredly be jeopardized.  Equity does not lend itself to such a result.

## BASIS FOR RELIEF REQUESTED

20.      This Court should extend the automatic stay to the Non-Debtor Defendants to prevent the Debtors from suffering irreparable harm.  As a result of the commencement of these Chapter 11 Cases, and by operation of law pursuant to Bankruptcy Code section 362, the automatic stay enjoins all persons and all governmental units from, among other things: (i) commencing or continuing any judicial, administrative or other proceeding against the Debtors that was or could have been commenced before the above-captioned cases were commenced, or recovering upon a claim *against* the Debtors that arose before the commencement of these Chapter 11 Cases; (ii) enforcing against the Debtors any judgments obtained before the commencement of these Chapter 11 Cases; and (iii) taking any action to collect, assess or recover a claim against the Debtors that arose before the commencement of the Chapter 11 Cases.  11 U.S.C. § 362(a).

21.      The injunction contained in Bankruptcy Code section 362 is self-executing.  It is one of the fundamental protections afforded under the Bankruptcy Code to provide a debtor with the "breathing spell" that is essential to a debtor's ability to reorganize successfully.  *See*, *e.g.*, *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1192, 1204 (3d Cir. 1991) ("The automatic stay ... gives a bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all

149265.01600/104104155v.1

foreclosure actions ... it permits a bankrupt to attempt a repayment or reorganization plan.") (citations omitted).

22.     Admittedly, the stay protections afforded by Bankruptcy Code section 362 do not generally extend to non-debtors; however, "numerous bankruptcy courts have ... stay[ed] the prosecution of actions against non-debtor defendants who were officers and/or directors of the debtor defendants." *In re Am. Film Tech., Inc.*, 175 B.R. 847, 850 (Bankr. D. Del. 1994); *see also In re Midway Games, Inc.*, 428 B.R. 327, 333 (Bankr. D. Del. 2010) (explaining that "[consistent with congressional intent and with the fundamental purposes underlying the automatic stay, numerous federal courts have held that, under appropriate circumstances, the automatic stay may be extended beyond direct actions against the debtor to lawsuits against non-debtors.").

23.     The automatic stay should be, and often is, extended to non-debtors where "unusual circumstances" are found. *McCartney v. Integra Nat'I Bank North*, 106 F.3d 506, 510 (3d Cir. 1997). "Unusual circumstances" have been found "where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Id*. (*quoting A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), cert. denied, 479 U.S. 876 (1986)); *see also Midway Games*, 428 B.R. at 334 (same). In addition, courts have extended the stay to non-debtors "where stay protection is essential to the debtor's efforts of reorganization." *McCartney*, 106 F.3d at 510 (citations omitted).

24.     Cases illustrating unusual circumstances include situations where the debtor has an absolute duty to indemnify the non-debtor either by contract or operation of law. *See In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 860 (6th Cir. 1992) (upholding injunction where the debtor had a duty to indemnify its executives and to reimburse their legal costs); *A.H. Robins Co., Inc.*, 788 F.2d at

-8-

1007 (same); *In re Am. Film Tech., Inc.*, 175 B.R.at 850-51 (enjoining suit against officers of debtor because of indemnification and collateral estoppel).  Cases have upheld the extension of the stay to non-debtors where the third-party litigation threatens to divert the attention of a debtor's key personnel from the reorganization efforts.  *In re Cont'l Airlines*, 177 B.R. 475, 481, n.6 (D. Del. 1993) (upholding injunction of suit against officers of debtor and explaining that "[i]n a bankruptcy context, irreparable harm may be discerned if the action sought to be enjoined would so consume the time, energy and resources of the debtor that it would substantially hinder the debtor's reorganization effort") (citations omitted); *Eastern Air Lines, Inc. v. Rolleston (In re Ionosphere Clubs, Inc.)*, Ill B.R. 423, 435 (Bankr. S.D.N.Y. 1990) (extending the automatic stay to a debtor's chairman based on the fact he was essential to the debtor's reorganization); In re Sudbury, Inc., 140 B.R. 461, 465 (Bankr. N.D. OH 1992) (irreparable harm results when resources of debtor are consumed in third-party litigation).  These holdings apply with equal force to the instant matter.

25.     To be sure, "unusual circumstances" exist here to warrant extension of the automatic stay to the Non-Debtor Defendants.  As explained above, the Debtor Parent, Hampshire Group, Limited, is obligated under its Certificate of Incorporation to indemnify the Non-Debtor Defendants to the fullest extent permitted under applicable law (*i.e.*, Delaware, in this instance). Accordingly, since the Parent Debtor has an absolute duty to indemnify the Non-Debtor Defendants, the stay should be extended to them for a limited period of time while the Debtors continue to pursue, and hopefully complete, the orderly liquidation effort that has been underway since late June 2016.

26.     Additionally, extension of the automatic stay to the Non-Debtor Defendants is warranted under these circumstances to prevent the Debtors from suffering irreparable harm.  The President and CEO's and Interim CFO's time, energy and resources are essential to the success of the Debtors' liquidating Chapter 11 cases and the ultimate recoveries for creditors.  As delineated above,

149265.01600/104104155v.1

the Debtors are near the conclusion of their controlled liquidation effort which will hopefully result in the satisfaction of the Salus outstanding secured indebtedness and, quite possibly, a modest pro rata distribution to unsecured creditors holding allowed claims. Defending against litigation against themselves will most assuredly prevent the Non-Debtor Defendants from devoting their time, energy and resources to the Debtors' business operations and wind-down efforts. Both of the Non-Debtor Defendants are very knowledgeable about the Debtors and their businesses and will be closely involved in formulating, approving and continuing to implement the Debtors' post-petition initiatives. At this critical juncture, it is imperative that the Non-Debtor Defendants be completely focused on achieving the Debtors' Chapter 11 goal – pursuing a thorough and transparent liquidation process that will result in maximizing recoveries to and for the benefit of creditors.

27.    Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Relief under section 105 of the Bankruptcy Code is particularly appropriate in a chapter 11 case when necessary to protect a debtor's ability to effectively confirm a plan and to preserve the property of the debtor's estate. Such is the case in the matter *sub judice*.

28.    Finally, the plaintiffs in the pending Civil Action should not be prejudiced by the extension of the automatic stay for a limited period of time (through and including the Effective Date) because, as potential creditors of one or more of the Debtors' estates, it is in their interest for the Debtors' key management team to be focused on achieving the Debtors' goal of successfully completing the wind-down initiative. Otherwise, it is highly unlikely there will be any recovery for creditors apart from Salus in its capacity as senior secured lender.

29.    Additionally, the relief being sought is not permanent; the plaintiffs in the Civil Action may resume litigating against the Non-Debtor Defendants once the Effective Date passes, and provided

that it is not extended by further order of this Court.  On the other hand, the harm to the Debtors'

creditors and estates could be tremendous if the Non-Debtor Defendants are forced to defend against

a slew of discovery demands, as opposed to completely focusing on the Debtors' Chapter 11 cases.

30.      Accordingly, the Debtors submit that the relief requested herein is in the best interests

of the Debtors, their estates and creditors and all parties in interest.

## NOTICE

31.      Notice of this motion has been provided to the following parties or, in lieu thereof, their

counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) the parties included

on the Debtors' consolidated list of twenty (20) largest unsecured creditors filed pursuant to

Bankruptcy Rule 1007(d); (iii) Salus; (iv) the Internal Revenue Service; (v) the United States Attorney

for the District of Delaware; (vi) the Securities and Exchange Commission; and (vii) the plaintiffs'

counsel in the prepetition civil action.  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be given.

## NO PRIOR REQUEST

32.      No prior motion for the relief requested herein has been made to this or any other court.


*[Remainder of Page Intentionally Left Blank.]*

149265.01600/104104155v.1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, (i) extending the automatic stay to the Non-Debtor Defendants in the Civil Action through and including the Effective Date (*i.e.*, January 31, 2017), without prejudice to the Debtors' right to seek a further extension thereof, and (ii) granting such other and further relief as the Court deems appropriate.

Dated:  November 29, 2016          **BLANK ROME LLP**
        Wilmington, Delaware

                                   */s/ Michael D. DeBaecke*
                                   Michael D. DeBaecke (DE No. 3186)
                                   1201 N. Market Street, Suite 800
                                   Wilmington, Delaware 19801
                                   Telephone:    (302) 425-6400
                                   Facsimile:    (302) 425-6464
                                   E-mail:       DeBaecke@BlankRome.com

                                   Leon R. Barson (*pro hac vice* admission pending)
                                   One Logan Square
                                   130 North 18th Street
                                   Philadelphia, Pennsylvania 19103-6998
                                   Telephone:    (215) 569-5576
                                   Facsimile:    (215) 832-5576
                                   E-mail:       LBarson@BlankRome.com

                                   *Proposed Counsel to the Debtors and*
                                   *Debtors in Possession*