## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HAMPSHIRE GROUP, LIMITED, *et al.*[1] | ) | Case No.: 16-12634 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Doc. Nos. 322, 325, 326, 327, 343 |
| | ) | |

### ORDER (I) CONFIRMING FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HAMPSHIRE GROUP, LTD., *ET AL.*, AND (II) APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS

A hearing was held before this Court on September 27, 2017 (the "Confirmation Hearing") to consider (i) confirmation of the *First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors of Hampshire Group Ltd., et al.* (the "Plan") [Docket No. 325], jointly proposed by the above-captioned debtors and debtors in possession (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents"), and (ii) final approval of the Disclosure Statement relating to the Plan.

The Court has (a) reviewed the Plan, a copy of which is attached hereto as **Exhibit A**[2]; (b) reviewed and previously approved on an interim basis the Disclosure Statement relating to the Plan, including all exhibits to the Disclosure Statement [Docket No. 326] (the "Disclosure Statement"); and (c) examined and considered the record compiled in these Chapter 11 Cases, including, but not limited to: (i) the *Order (A) Approving the Disclosure Statement on an Interim*

---

[1]  The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Hampshire Group, Limited (7107), Hampshire Brands, Inc., f/k/a Hampshire Designers, Inc. (1174), and Hampshire International, LLC (5327).

[2]  Unless defined otherwise herein, capitalized terms used in this Order shall have the meanings and definitions set forth in the Plan.

*Basis; (B) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the First Amended Joint Chapter 11 Plan of Liquidation, and Approving Notice Thereof; (C) Establishing Deadlines and Procedures for Filing Objections; (D) Approving Solicitation Procedures; (E) Approving Voting and Tabulation Procedures; and (F) Granting Related Relief*, dated August 17, 2017 [Docket No. 322] (the "Solicitation Procedures Order"); (ii) the *Notice of (A) Interim Approval of Disclosure Statement; (B) Combined Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Proposed First Amended Joint Chapter 11 Plan of Liquidation, and (C) Deadlines and Procedures for Filing Objections to Same* [Docket No. 327] (the "Confirmation Hearing Notice"); (iii) the *Affidavit of Service* of the Solicitation Materials [Docket No. 331] (the "Affidavit of Service"); (iv) the *Declaration of Edward T. Gavin, CTP of Gavin/Solmonese LLC in Support of Final Approval of Disclosure Statement and Confirmation of the First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors of Hampshire Group, Ltd., et al.* [Docket No. 341]; (v) the *Declaration of William Drozdowski in Support of Confirmation of the First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors of Hampshire Group, Ltd., et al.* [Docket No. 342]; (vi) the *Declaration of Steven W. Golden Regarding the Methodology for the Tabulation and Results of Voting With Respect to the First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors of Hampshire Group Ltd., et al.* (the "Voting Declaration") [Docket No. 345]; and (vii) the documents, offers of proof, evidence admitted, and the arguments and representations of counsel made at the Confirmation Hearing, all submitted in support of confirmation of the Plan. It

2

appears that no party has filed or otherwise raised an objection to confirmation of the Plan or to approval of the Disclosure Statement on a final basis.

Based upon the foregoing, and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth in this Order and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P 52, as made applicable to these Chapter 11 Cases by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over these Chapter 11 Cases and confirmation of the Plan pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O) and this Court has jurisdiction to enter a final order with respect thereto.  The Debtors are eligible to be debtors under Bankruptcy Code section 109.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of the Debtors' Chapter 11 Cases and related proceedings maintained by the Clerk of the Court, including, without limitation, all papers and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of these Chapter 11 Cases.

D.    <u>Solicitation and Notice</u>.  On August 17, 2017, the Court entered the Solicitation Procedures Order, which, among other things, approved on an interim basis the Disclosure Statement as containing "adequate information" of a kind and in sufficient detail to enable hypothetical, reasonable investors typical of the Debtors' creditors to make an informed judgment whether to accept or reject the Plan.  Pursuant to the Solicitation Procedures Order, the Court directed the Plan Proponents to serve a copy of the Confirmation Hearing Notice on (a) counsel for the U.S. Trustee; (b) the Debtors' known creditors, including those on the creditor matrix and on the Schedules and those that have filed proofs of claim; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) known equity holders; and (f) any party that has requested, pursuant to Bankruptcy Rule 2002, to receive notice in these Chapter 11 Cases.  Further, pursuant to the Solicitation Procedures Order, the Court required the Plan Proponents to transmit the Solicitation Package by first-class mail, postage prepaid, to each Holder, as of the date of the Solicitation Procedures Order, of one or more Claims in Class 2 (the "<u>Voting Class</u>") and to serve a notice of non-voting status upon the Holders of Class 1 Claims and the Holders of Class 3 Interests.

The Plan Proponents followed the procedures set forth in the Solicitation Procedures Order for soliciting acceptances of the Plan, as evidenced by the Voting Declaration and the Affidavit of Service.  The Plan Proponents did not solicit acceptances or rejection of the Plan from any Claim or Interest Holder before the transmission of the Disclosure Statement. Therefore, the Plan Proponents have complied with section 1125 of the Bankruptcy Code.

E.    Disclosure Statement.  The Disclosure Statement contains adequate information within the meaning of Bankruptcy Code section 1125 and contains information sufficient to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.

F.      Voting.  The Solicitation Procedures Order fixed September 20, 2017 at 5:00 p.m. (prevailing Eastern Time) as the Voting Deadline.  The Voting Declaration contains a tabulation of Ballots accepting or rejecting the Plan.  As set forth in the Voting Declaration, the Plan Proponents have satisfied the ballot tabulation procedures contained in the Solicitation Procedures Order and properly tabulated the Ballots received in connection with the Plan. Further, as set forth in the Voting Declaration, the Plan has been accepted, within the meaning of section 1126(c) of the Bankruptcy Code, by Class 2, the only voting class.

G.      Burden of Proof.  The Plan Proponents have met their burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

## Compliance with the Requirements of Section 1129 of the Bankruptcy Code

H.      Plan Compliance – Section 1129(a)(1).  The Plan complies with all applicable provisions of the Bankruptcy Code.  The Plan designates two (2) separate Classes of Claims and one (1) Class of Interests.  The Claims and Interests placed in each Class are substantially similar to other Claims or Interests, as applicable, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan.  Such Classes and the Plan's treatment of such Classes do not unfairly discriminate among holders of Claims and Interests.  The Plan adequately and properly classifies all Claims and Interests required to be classified and thus satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code.

Under the Plan, one Class of Claims (Class 1 – Secured Claims) is unimpaired, one Class of Claims (Class 2 – General Unsecured Claims) is impaired, and one Class of Interests (Class 3) is impaired.  The Plan adequately specifies the classification and treatment of the unimpaired

Class of Claims, the impaired Class of Claims, and the impaired Class of Interests and thus satisfies the requirements of sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code.

The Plan provides the same treatment for each Claim or Interest in a particular Class, unless the Holder of a particular Claim or Interest agrees to accept a less favorable treatment of such Claim or Interest. The Plan thus satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

The provisions of the Plan, including Article VII, provide adequate means for implementation of the Plan. All holders of Allowed Administrative Expense Claims, Allowed Professional Fee Claims, Allowed Priority Employee Claims, and Allowed Priority Tax Claims (i) have consented to the treatment specified therefor under the Plan, (ii) have been deemed to have consented to such treatment by not objecting to confirmation of the Plan, or (iii) have been treated under the Plan in the manner provided for by the Bankruptcy Code. The Plan thus satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

Section 1123(a)(6) of the Bankruptcy Code is not applicable because the Plan provides for the cancellation of all Interests in the Debtors.

The Plan contains other provisions for implementation that are reasonable and appropriate, are not inconsistent with the applicable provisions of the Bankruptcy Code, and are otherwise consistent with sections 1123(a)(7) and 1123(b) of the Bankruptcy Code.

I.      Plan Proponents' Compliance – Section 1129(a)(2). The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Solicitation Procedures Order. The Plan Proponents solicited acceptances of the Plan only in accordance with the requirements of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Solicitation Procedures Order. The Ballots were properly solicited and tabulated, as

described in the Voting Declaration. The Plan Proponents have further complied with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Solicitation Procedures Order governing (i) notice of the Confirmation Hearing, (ii) approval of the Disclosure Statement, and (iii) all other matters considered by the Court in connection with approval of the Disclosure Statement and confirmation of the Plan. The record in these Chapter 11 Cases demonstrates the Plan Proponents have endeavored in good faith to comply with the orders of the Court entered during the pendency of the Chapter 11 Cases and that the Plan Proponents have not violated any such orders. Further, the Plan Proponents are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and by the exculpation and injunction provisions set forth in Article IX.B and Article IX.C, respectively, of the Plan.

J.    <u>Good Faith – Section 1129(a)(3)</u>. The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law. No person has filed a valid objection to confirmation of the Plan on the grounds that the Plan was not proposed in good faith or by any means forbidden by law. Accordingly, pursuant to Bankruptcy Rule 3020(b)(2), the Court may determine compliance with section 1129(a)(3) of the Bankruptcy Code without receiving evidence on such issues. The Court has examined the totality of the circumstances surrounding formulation of the Plan and the evidence submitted in connection with the Confirmation Hearing. The Plan has been accepted by the Voting Class. Such acceptance of the Plan evidences the informed judgment of the Holders of Claims in the Voting Class that the Plan is in their best interests. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Assets and providing the best opportunity to effectuate a distribution of such value to Holders of Allowed Claims, Allowed Administrative Expense Claims, and Allowed Professional Fee Claims. The Plan was negotiated in good faith and at arm's-length among the

representatives of the Plan Proponents during these Chapter 11 Cases.  Therefore, the Plan has been proposed in good faith, as such term is used in section 1129(a)(3) of the Bankruptcy Code.

K.     Plan Payments – Section 1129(a)(4).  All amounts paid, or to be paid, by the Debtors, the Estates, or the Liquidation Trust for services rendered or expenses incurred in, or in connection with, these Chapter 11 Cases or the Plan have either been fully disclosed and approved as reasonable or, pursuant to the terms of the Plan, will be disclosed and subject to the approval of the Bankruptcy Court following Confirmation of the Plan.  All expenses of the Liquidation Trust incurred from and after the Effective Date (including the fees and expenses of the Liquidation Trustee and the professionals retained by the Liquidation Trust from and after the Effective Date) may be paid by the Liquidation Trustee from the Post-Effective Date Trust Expense Reserve subject to and in accordance with the terms of the Plan and the Liquidation Trust Agreement.  Accordingly, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

L.     Appointment of Liquidation Trustee – Section 1129(a)(5).  The Plan provides for the appointment of Richard S. Lauter, or any validly selected successor, as the Liquidation Trustee of the Liquidation Trust, to be retained as of the Effective Date, to oversee the Liquidation Trust pursuant to the terms of the Plan and the Liquidation Trust Agreement.  Based on the evidence submitted, it appears that Mr. Lauter does not hold or represent an interest adverse to the Liquidation Trust and that the appointment of Mr. Lauter as the Liquidation Trustee is consistent with the interests of Creditors and with public policy.  Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

M.  Rates – Section 1129(a)(6).  There are no rates applicable to the Debtors over which any governmental regulatory commission will have jurisdiction after confirmation of the Plan.

N.  Best Interests – Section 1129(a)(7).  As set forth in the Disclosure Statement, each Holder of an Allowed Claim will receive or retain under the Plan property of a value not less than the amount such Holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.  A conversion of these Chapter 11 Cases to chapter 7 would likely be accompanied by a decrease in the amount of recovery that such Holder would receive on account of its Allowed Claim as a result of the trustee's commissions and additional administrative fees and expenses and concomitant delay that likely would be incurred during a chapter 7 case.  The Plan Proponents believe the Plan provides a superior opportunity for recovery to Creditors than conversion of these Chapter 11 Cases to chapter 7.  Accordingly, the Plan is in the best interests of creditors under section 1129(a)(7) of the Bankruptcy Code.

O.  Acceptance / Cramdown – Sections 1129(a)(8) and 1129(b).  Class 1 (Secured Claims) is unimpaired under the Plan and, thus, is deemed to accept the Plan.  Class 2 (General Unsecured Claims), the only impaired Class of Claims entitled to vote on the Plan, voted to accept the Plan.  Class 3 (Interests), which will not receive or retain any property under the Plan, is deemed to reject the Plan.  Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 3, the Plan is confirmable because the Plan Proponents satisfy the requirements of section 1129(a)(10) of the Bankruptcy Code and the "cramdown" requirements in section 1129(b) of the Bankruptcy Code.  Section 1129(b) requires that a plan must not discriminate unfairly and must be fair and equitable as to each class of claims and interests that is impaired under, and has not accepted, a plan.  The record established in connection with

9

confirmation demonstrates that the Plan satisfies such requirements.  The record shows that, under either the Plan or a chapter 7 liquidation, the value of the Assets is projected to be insufficient to satisfy in full the Classes of Claims that are senior in priority to the Class 3 Interests.  Because Holders of Class 3 Interests would not receive a distribution either under the Plan or in chapter 7, such Interests would not receive more under a chapter 7 liquidation than under the Plan.  Thus, the Plan does not discriminate unfairly against, and is fair and equitable as to, Class 3.  Because the Plan satisfies Bankruptcy Code sections 1129(a)(10) and 1129(b), it may be confirmed even though it does not satisfy section 1129(a)(8) of the Bankruptcy Code.

       P.    <u>Administrative Expenses / Priority Claims – Section 1129(a)(9)</u>.  The Plan provides that on or as soon as practicable after the Effective Date, after the Liquidation Trustee has funded (i) the initial $250,000 of the Post-Effective Date Trust Expense Reserve and (ii) the $30,000 401(k) Plan Termination Reserve, the Liquidation Trustee shall distribute, on a Pro Rata basis, the Distributable Cash as set forth in Article V.A.1 through Article V.A.4 of the Plan.  No Holder of an Administrative Expense Claim, Professional Fee Claim, Priority Employee Claim, or Priority Tax Claim has objected to confirmation of the Plan or to the treatment of its respective Administrative Expense Claim, Professional Fee Claim, or Claim, as applicable, under the terms of the Plan.  Accordingly, all Holders of Administrative Expense Claims, Professional Fee Claims, Priority Employee Claims, and Priority Tax Claims are deemed to consent to the treatment of their respective Administrative Expense Claim, Professional Fee Claim, Priority Employee Claim, and/or Priority Tax Claim that is different from the treatment set forth in 11 U.S.C. § 1129(a)(9).  Thus, the Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

Q.      Impaired Class Acceptances – Section 1129(a)(10).  As reflected in the Voting Declaration, the Plan has been accepted by at least one impaired Class – the Voting Class – without including the vote of any Insider.

R.      Feasibility – Section 1129(a)(11).  The Plan complies with section 1129(a)(11) of the Bankruptcy Code because, under the Plan, the Liquidation Trust will convert the Assets to Cash and distribute such Cash pursuant to the terms of the Plan.  In addition, confirmation is not likely to be followed by the need for further financial reorganization of the Debtors or the Liquidation Trust.

S.      Fees Payable Under 28 U.S.C. § 1930 – Section 1129(a)(12).  Article X.E of the Plan provides for the payment of statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) until the entry of a final decree or an order converting or dismissing these Chapter 11 Cases.

T.      Bankruptcy Code Sections 1129(a)(13) Through (a)(16) Inapplicable.  The Debtors are not obligated to provide "retiree benefits" as that term is defined in section 1114 of the Bankruptcy Code.  The Debtors are not required by any judicial or administrative order to pay a domestic support obligation.  The Debtors are not individuals.  The Debtors are not non-profit entities.  Therefore, Bankruptcy Code sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) are inapplicable.

U.      Only One Plan – Section 1129(c).  The Plan is the only plan filed in these Chapter 11 Cases and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

V.      Principal Purpose of the Plan – Section 1129(d).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 and, thus, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

W.     Good Faith Solicitation – Section 1125.  Based on the record before the Court in these Chapter 11 Cases, (i) the Plan Proponents have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(c) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation, and (ii) the Plan Proponents and each of their respective members, officers, directors, employees, agents, and Professionals have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of acceptances of the Plan.  Accordingly, such parties are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the Plan, including Article IX of the Plan.

X.     Settlement; Substantive Consolidation.  The terms and provisions of all settlements and compromises set forth in the Plan, including, without limitation, the proposed treatment of Administrative Expense Claims, Professional Fee Claims, and Claims set forth in Article V of the Plan, the substantive consolidation of the Debtors' estates as set forth in Article VII.A. of the Plan, and the establishment of the Liquidation Trust as set forth in Article VII.B. of the Plan, are fair and reasonable and represent a sound exercise of the Plan Proponents' respective business judgment.  The Debtors have satisfied their burden to justify substantive consolidation of the Debtors' assets and liabilities as of the Effective Date, in accordance with the Plan.  No party in interest has objected to substantive consolidation and, therefore, all creditors and other parties in interest are deemed to have consented.

Y.     Good Faith.  The Plan Proponents, all of the Plan Proponents' respective members, officers, directors, employees, agents, and Professionals, and the Liquidation Trustee

12

will be acting in good faith if they proceed to (i) consummate the Plan and (ii) take the actions authorized and/or directed by this Order.

Z.    Exculpation and Injunction.  The exculpations and injunctions provided pursuant to Article IX of the Plan are a critical component of the Plan and the settlements embodied therein, and each of the released parties thereunder has made a substantial contribution to the Plan, these Chapter 11 Cases, and the Estates.  Further, the exculpations only apply to the period subsequent to the Petition Date.  As such, these Chapter 11 Cases present unique circumstances where exculpation of non-debtors is appropriate.  Thus, the exculpations and injunctions in Article IX of the Plan are proper and appropriate under the circumstances.

AA.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

## ORDER CONFIRMING PLAN

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in these Chapter 11 Cases, and the foregoing findings of fact and conclusions of law, **IT IS HEREBY ORDERED THAT**:

1.    Confirmation.  The Plan is confirmed.  All modifications to the Plan described at the Confirmation Hearing are approved.  The Plan Proponents and the Liquidation Trustee are authorized, through and including the Effective Date, to (a) take such actions as may be necessary or appropriate to carry out the Plan and (b) execute such documents and instruments as may be required to implement the Plan including, without limitation, the Liquidation Trust Agreement.

2.    Adequacy of Disclosure Statement.  The Disclosure Statement is approved on a final basis as containing adequate information within the meaning of Bankruptcy Code section

1125 and contains information sufficient to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.

3.     <u>Incorporation of Plan</u>.  The terms of the Plan, and any agreements, contracts, documents and instruments contemplated by the Plan, including the Liquidation Trust Agreement, and the transactions contemplated thereby, are incorporated by reference into, and are an integral part of, this Order.  Such documents shall be binding and enforceable as of the Effective Date, in accordance with their respective terms and without need for any further action by the parties thereto.  The failure to specifically describe or include any particular Plan provision in this Order shall not, in any way, diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety. Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Order.  In the event of any inconsistencies between the terms of the Plan and terms of this Order, the terms of this Order shall govern and control.

4.     <u>Findings of Fact and Conclusions of Law</u>.  The Findings of Fact and Conclusions of Law are incorporated into and are an integral part of this Order.

5.     <u>Objections</u>.  All parties have had a full and fair opportunity to litigate all issues raised by the objections, or which might have been raised, and the objections thereto have been fully and fairly litigated.  All objections, responses, statements, and comments in opposition have been resolved or fully and fairly litigated.  All formal and informal objections, responses, statements, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety prior to the Confirmation Hearing, withdrawn by way of stipulation and order with

14

the Plan Proponents, or otherwise resolved on the record during the Confirmation Hearing, are hereby overruled for the reasons stated on the record.

6.    <u>Plan Classification Controlling</u>.    The classification of Claims, Administrative Expense Claims, and Professional Fee Claims for purposes of Distributions to be made under the Plan shall be governed solely by the terms of this Order and the terms of the Plan.    The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in the Voting Class (a) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for Distribution purposes, (c) may not be relied upon by any creditors as representing the actual classification of such Claims under the Plan for Distribution purposes, and (d) shall not be binding on the Plan Proponents, the Liquidation Trust, or the Liquidation Trustee for purposes other than voting on the Plan.

7.    <u>Distributions Under the Plan</u>.  All Distributions to be made under the Plan shall be made in accordance with Article V, Article VII, and all other applicable provisions of the Plan.

8.    <u>Rejection of Remaining Executory Contracts and Unexpired Leases</u>.  Except as specifically provided in the Plan or in this Order, and except with respect to executory contracts or unexpired leases that (i) were previously assumed or rejected by order of the Bankruptcy Court, (ii) are assumed pursuant to the Plan or this Order, or (iii) are the subject of a pending motion to assume or reject, pursuant to section 365 of the Bankruptcy Code, on the Effective Date, each executory contract and unexpired lease entered into by a Debtor prior to the Petition Date that has not previously expired, terminated, or been rendered non-executory pursuant to its own terms, conduct of the parties, or operation of law shall be deemed rejected pursuant to

Section 365 of the Bankruptcy Code. This Order shall constitute an order of the Bankruptcy Court approving such rejections pursuant to Section 365 of the Bankruptcy Code, as of the Effective Date. The non-Debtor parties to any such rejected personal property leases shall be responsible for taking all steps necessary to retrieve the personal property that is the subject of such leases.

9.    Rejection Damage Claims Bar Date for Executory Contracts and Unexpired Leases Rejected Pursuant to Confirmation Order and Plan. Each non-Debtor party to an executory contract or unexpired lease that, pursuant to section 365 of the Bankruptcy Code, is rejected as of the Effective Date pursuant to the Plan and this Order, must file, not later than thirty (30) days following the Effective Date, a proof of Claim for damages alleged to have been suffered due to such rejection; provided, however, that the opportunity afforded an Entity whose executory contract or unexpired lease is rejected as of the Effective Date pursuant to the Plan and this Order to file a proof of Claim shall in no way apply to Entities that may assert a Claim on account of an executory contract or unexpired lease that was previously rejected by the Debtors for which a prior claims bar date was established. Any Entity that has a Claim for damages as a result of the rejection of an executory contract or unexpired lease pursuant to this paragraph of this Order that does not timely file a proof of Claim, in accordance with the terms and provisions of the Plan and this Order, with the Court (and serve such proof of Claim upon the Liquidation Trustee or his counsel) will be forever barred from asserting that Claim against, and such Claim shall be unenforceable against, the Debtors, their Estates, and the Liquidation Trust.

10.    Insurance Policies. Notwithstanding anything contained in this Order and/or the Plan to the contrary, unless specifically altered by an order of the Bankruptcy Court, all of the Debtors' rights and benefits in and to insurance policies and any agreements, documents, or

instruments relating thereto, remain in effect. Nothing in the Plan and/or this Order shall constitute or be deemed a waiver of any cause of action the Debtors or the Liquidation Trust may hold, or which may arise, against any entity under any of the Debtors' policies of insurance. The Liquidation Trust, by operation of law and specifically section 1141(b) of the Bankruptcy Code, shall be vested with the Debtors' rights and benefits in and to any insurance policies (including, without limitation, the right to bring and pursue a claim under or covered by insurance policies) or proceeds thereof and any agreements, documents, or instruments related thereto, including, without limitation, the (a) Convert to Run-Off Endorsement effective February 21, 2017; (b) the Revised Binder dated March 7, 2017; (c) the Excess Run-Off Endorsement effective February 21, 2017; and (d) the Run-Off Endorsement effective February 21, 2017. Nothing in this Order or in the Plan shall alter the rights of any insured person to assert a claim against an insurer under any of the Debtors' policies of insurance.

11.     <u>Appointment of Liquidation Trustee</u>.  Richard S. Lauter shall be, and hereby is, appointed as the Liquidation Trustee from and after the Effective Date. As the Liquidation Trustee, Mr. Lauter will be an officer of the Bankruptcy Court, with the immunities, rights, and protections customarily enjoyed by bankruptcy trustees. The Bankruptcy Court will have sole jurisdiction over claims and causes of action against Mr. Lauter (solely in his capacity as the Liquidation Trustee) arising out of the performance of his duties, and Mr. Lauter (in such capacity) may not be sued, or have claims asserted against him, in any other forum without leave of the Bankruptcy Court. The Liquidation Trustee and any professionals retained by the Liquidation Trustee may be compensated by the Liquidation Trust in connection with any services provided to or on account of the Liquidation Trust from and after the Effective Date, subject to and in accordance with the terms of the Plan.

The Liquidation Trustee is authorized in his sole discretion, to dissolve or otherwise terminate on or after the Effective Date (i) a Debtor's existence, by filing a certificate of dissolution and a copy of this Order with the secretary of state of its respective state of incorporation or state of formation, (ii) the existence of wholly-owned non-Debtor affiliates or subsidiaries, or (iii) any remaining health, welfare or benefit plans. As of the Effective Date, neither the Debtors nor the Liquidation Trustee shall be required to file any document, or take any other action, to withdraw any Debtor's business operation from any state in which it previously conducted business operations.

12.    Binding Effect of Plan.  Pursuant to section 1141 of the Bankruptcy Code, upon the Effective Date, the provisions of the Plan shall bind the Plan Proponents, the Liquidation Trustee, any entity acquiring property under the Plan, and any Holder of an Administrative Expense Claim, Professional Fee Claim, Claim, or Interest, regardless of whether or not (i) such Holder has filed in these Chapter 11 Cases proof of any such Administrative Expense Claim, Professional Fee Claim, Claim, or Interest, (ii) such Administrative Expense Claim, Professional Fee Claim, Claim, or Interest is impaired or unimpaired under the Plan, or (iii) such Holder has accepted or rejected the Plan.

13.    Vesting of Estate Assets.  Except as otherwise provided in this Order or in the Plan, upon the Effective Date, the Debtors and the Creditors' Committee shall be deemed to have automatically transferred to the Liquidation Trust all of their rights, titles, and interests in and to all Assets (including, without limitation, all rights, claims, and Causes of Action) whether acquired before or after the Petition Date or the Effective Date, all of which shall vest in the Liquidation Trust free and clear of all liens, claims and interests, in accordance with the terms of the Plan.

18

14.    <u>Substantive Consolidation</u>.  In accordance with section 1141 of the Bankruptcy Code and Article VII.A of the Plan, and pursuant to section 105(a) of the Bankruptcy Code, effective as of the Effective Date, the Debtors' Estates shall be substantively consolidated into a single consolidated Estate and all of the Debtors' assets and liabilities, including Claims, shall be substantively consolidated for all purposes associated with Confirmation and Consummation, as set forth and in accordance with the terms of the Plan, including Article VII.A of the Plan. Substantive consolidation shall not affect the obligation of each Debtor or the Liquidation Trustee to pay quarterly fees to the Office of the U.S. Trustee pursuant to 28 U.S.C. § 1930 until the earlier of the time that a particular Case has been closed, dismissed, or converted.

15.    <u>Cancellation of Notes, Instruments, Debentures, and Equity Interests</u>.  On the Effective Date, except to the extent expressly provided otherwise in the Plan or in this Order, (i) all notes, instruments, debentures, certificates, shares, and other documents evidencing Claims against and Interests in the Debtors shall be cancelled and deemed terminated and surrendered (regardless of whether such notes, instruments, debentures, certificates, shares, or other documents are in fact surrendered for cancellation to the appropriate indenture trustee or other such Person); and (ii) the Holders of, or parties to, such canceled notes, instruments, debentures, certificates, shares, and other documents shall have no rights against the Debtors, their Estates, the Liquidation Trustee, or the Liquidation Trust arising from or relating to such notes, instruments, debentures, certificates, shares, and other documents; <u>provided, however</u>, that such cancellation and termination shall not affect the rights of any Holders of such Claims or Interests against any non-Debtor, except to the extent provided in this Order or in the Plan.

16.    <u>Disputed Claims</u>.  The provisions of Article VII of the Plan with respect to procedures for resolving Disputed Claims are found to be fair and reasonable and are approved.

17.    <u>Causes of Action</u>.  Pursuant to Articles VII and VIII of the Plan, all claims, rights, Causes of Action (including, without limitation, Avoidance Actions), and rights to setoff are retained, preserved, and vested in the Liquidation Trust in accordance with section 1123(b) of the Bankruptcy Code and the terms of the Plan and this Order, including, without limitation, paragraph 13 of this Order.  As of the Effective Date, the Creditors' Committee is granted standing to commence and prosecute all such claims, rights, Causes of Action, and rights to setoff for purposes of making such assignment and transfer to the Liquidation Trust.  Upon the Effective Date, all such claims, rights, Causes of Action, and rights to setoff shall be deemed transferred to the Liquidation Trust from the Debtors and the Creditors' Committee.  From and after the Effective Date, subject to Article VIII and any other applicable provision of the Plan and this Order, the Liquidation Trustee, on behalf of the Liquidation Trust, shall have the right to prosecute or settle all Causes of Action.  Any proceeds received on account of Causes of Action shall be held in the Liquidation Trust and distributed to Beneficiaries in accordance with this Order, the Plan, and the Liquidation Trust Agreement.  The Liquidation Trustee shall be the representative of the Estates, as that term is used in section 323(a) and other sections of the Bankruptcy Code, and shall have the right, standing, and capacity to bring all Causes of Action, including, without limitation, all Avoidance Actions provided for or arising under the Bankruptcy Code or other applicable law.  The Debtors shall have no right to direct the Liquidation Trustee or to compel action by the Liquidation Trustee.  The Liquidation Trustee shall act on behalf of the Beneficiaries of the Liquidation Trust who are the creditors of the Estates and who are entitled to the benefits of the Liquidation Trust.  The recoveries from such Causes of Action shall be held and distributed for the benefit of the Liquidation Trust and its Beneficiaries and not for the benefit of the Debtors.

Upon the Effective Date, pursuant to section 1123(b)(3) of the Bankruptcy Code and the Plan, without the need for any further action or order of the Court, the Liquidation Trustee, in his capacity as such, shall succeed to the rights of, shall have standing, and shall be substituted as appropriate for the Creditors' Committee or the Debtors in any proceeding, motion, or contested matter initiated by the Debtors or the Creditors' Committee as of the Effective Date.

No party to any Cause of Action shall be entitled to assert any defense based, in whole or in part, upon Confirmation of the Plan, the transfer to and vesting of (pursuant to the terms of the Plan and this Order) the Causes of Action in the Liquidation Trust, and/or the substantive consolidation of the Debtors' Estates. Confirmation of the Plan shall not have any res judicata or collateral estoppel effect upon the commencement and prosecution of Causes of Action. All Causes of Action are expressly preserved in full for the benefit of the Debtors' Estates and the Liquidation Trust, as applicable.

18.    Withholding and Reporting Requirements. Each holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such distribution. The Liquidation Trustee and the Liquidation Trust have the right, but not the obligation, to not make a distribution until such Holder has made arrangements satisfactory to the Liquidation Trustee in his reasonable discretion for payment of any such tax obligation.

19.    Termination of Creditors' Committee. On the Effective Date, the Creditors' Committee shall cease to exist and its members, designated representatives and/or agents (including, without limitation, attorneys, investment bankers, financial advisors, accountants and other professionals) shall, subject to those matters set forth in the Plan and this Order, be released

21

and discharged from any further authority, duties, responsibilities and obligations relating to, arising from, or in connection with the Creditors' Committee or the Chapter 11 Cases.

20.    Deadline for Filing Professional Fee Claims.    Professionals requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered from the Petition Date through the Effective Date must file and serve an application for final allowance of compensation and reimbursement of expenses no later than forty-five (45) days after the Effective Date.  All such applications for final allowance of compensation and reimbursement of expenses will be subject to the review and approval of the Bankruptcy Court.

21.    Second Administrative Expense Claims Bar Date.    Any Person or Entity requesting (i) allowance of an Administrative Expense Claim arising between May 1, 2017 and the Effective Date, or (ii) allowance of any other administrative expense pursuant to section 503 of the Bankruptcy Code (other than (a) a Professional Fee Claim or (b) an administrative expense that is subject to the First Administrative Expense Claims Bar Date) must file a request for allowance of such claim with the Court and serve notice of such claim as set forth in the Notice of Effective Date (defined below) by no later than thirty (30) days after the Effective Date; provided, that the Second Administrative Expense Claims Bar Date shall not apply to (y) any fees payable either to the U.S. Trustee or the Clerk of the Bankruptcy Court pursuant to 28 U.S.C. § 1930, or (z) any claim by a Governmental Unit for a tax or penalty described in Bankruptcy Code sections 503(b)(1)(B) and 503(b)(1)(C), as provided for in Bankruptcy Code section 503(b)(1)(D).

22.    Notice of Effective Date.  Promptly after entry of this Order, but no later than seven (7) days after the occurrence of the Effective Date, the Debtors or the Liquidation Trustee

shall serve notice of entry of this Order (the "Notice of Effective Date") via first class United States Mail or email upon the following: (i) the Office of the United States Trustee for Region 3; (ii) the Liquidation Trustee; (iii) all Persons or Entities that received copies of the Solicitation Package; (iv) all Persons or Entities that received the Confirmation Hearing Notice; (v) all Professionals employed in these Chapter 11 Cases; (vi) those parties known to have requested, pursuant to Bankruptcy Rule 2002, to receive notices in these Chapter 11 Cases; (vii) any other known party in interest or counterparty to an executory contract or unexpired lease that is rejected pursuant to the terms of this Order and the Plan; and (viii) any other party known to the Debtors to assert an Administrative Expense Claim for the period from May 1, 2017 through the Effective Date.  The Notice of Effective Date shall (a) identify the Effective Date; (b) identify the deadline for filing final fee applications; (c) identify the Second Administrative Expense Claims Bar Date; (d) identify the deadline for the filing of rejection damage claims for executory contracts and unexpired leases rejected pursuant to the terms of this Order and the Plan; (e) and provide such other information as may be appropriate to implement the Plan.  The Notice of Effective Date shall be adequate and sufficient notice of the entry of this Order and the post-confirmation deadlines set forth in this Order, pursuant to sections 102(1) and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3020, 9007, 9021 and 9022, and other applicable law and rules of the Court.

23.    Requisite Authority.  By reason of entry of this Order, prior to, on or after the Effective Date (as appropriate), all matters provided for under the Plan that would otherwise require approval of the owners, stockholders, shareholders, members, directors, managers, or partners of the Debtors, shall be deemed to have occurred and shall be in effect prior to, on or after the Effective Date (as appropriate), pursuant to the applicable general corporation, limited

liability, or partnership law of the state in which the Debtors or the Liquidation Trust is chartered, organized or incorporated, without any requirement of further action by the owners, stockholders, shareholders, members, directors, managers, or partners of the Debtors.

24.     Prior Orders.  Except as set forth in the Plan or this Order, nothing in the Plan or this Order shall amend, alter, modify, change, or affect in any manner any prior order of this Court or any agreement approved by prior order of this Court.

25.     Retention of Jurisdiction. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Order and occurrence of the Effective Date, this Court shall retain and have from and after the Effective Date jurisdiction over any matter arising under the Bankruptcy Code, arising in or relating to these Chapter 11 Cases or the Plan, including, without limitation, exclusive jurisdiction over all categories specifically set forth in Article X.O of the Plan (which provisions are incorporated into this Order by reference), in each case to the greatest extent permitted by applicable law.  If the Bankruptcy Court abstains from exercising jurisdiction, or is without jurisdiction, over any matter, Article X.O of the Plan shall not effect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.  The principal objective of the Plan is to maximize the recovery to the Beneficiaries, and the retention of jurisdiction by the Bankruptcy Court shall be interpreted in a manner to accomplish that objective.

26.     United States Trustee Fees.  All outstanding amounts under 28 U.S.C. § 1930 that are due and have not been paid prior to the Effective Date shall be paid by the Debtors on or before the Effective Date.  Thereafter, the Liquidation Trust shall pay any statutory fees that come due pursuant to 28 U.S.C. § 1930(a)(6) and such fees shall be paid until entry of a final decree or an order converting or dismissing the Chapter 11 Cases.

27.    <u>Exculpation and Injunction</u>.    The Exculpation (Article IX.B) and Injunction (Article IX.C) provisions of the Plan are approved.    Except as provided in the Plan, the provisions of the Plan do not impair or affect any objection the Liquidation Trust may have to the amount or allowance of any Claim, Administrative Expense Claim, or Interest filed by any party.

**28.    <u>Exculpation for Estate Fiduciaries</u>.  As provided in Article IX.B of the Plan, upon the occurrence of the Effective Date, none of the Debtors, the Debtors' officers and directors who provided service from and after the Petition Date, the Debtors' managers, employees, members, agents, and any Professionals employed by the Debtors pursuant to an order of the Bankruptcy Court (each acting in such capacity after the Petition Date), the Creditors' Committee, its members, and its Professionals employed pursuant to an order of the Bankruptcy Court, shall have or incur any liability to any Person for any action taken or omitted to be taken during the period from the Petition Date through and including the Effective Date in connection with or related to or arising out of, the filing of the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, implementation, confirmation, or consummation of the Plan, the Disclosure Statement, any motion, order, release, settlement, transaction, or other agreement or document created or entered into or approved by the Bankruptcy Court, or any other Postpetition action taken or omitted to be taken in connection with the Plan or any other matter or proceeding in the Chapter 11 Cases, and all claims or causes of action based upon or arising out of any such actions or omissions are forever enjoined, barred, waived and released; provided, however, that nothing contained in the Plan shall affect the liability of any Person arising from any act, omission, transaction, agreement, event or other occurrence constituting willful**

misconduct, gross negligence, fraud or criminal conduct; provided, further, that nothing in Article IX.B of the Plan shall be deemed to prohibit any objection to any Administrative Expense Claim or Professional Fee Claim in accordance with the terms of the Plan, orders of the Bankruptcy Court, and/or the Bankruptcy Code.

29.   **Injunction**.  As provided in Article IX.C of the Plan, any Person (other than the Debtors, the Creditors' Committee, the Debtors' Estates or the Liquidation Trustee) who has held, holds, or may hold a claim against, interest in, or right with respect to the Debtors' Estates, the Assets, the Liquidation Trust, or the Trust Assets, or any claim against or interest in the Debtors, the Debtors' Estates or the Liquidation Trust for which the Debtors' Estates or the Liquidation Trust are or may be liable is, with respect to any such claim, interest, or right, permanently enjoined from and after the Effective Date from taking any of the following actions (other than actions taken in the Bankruptcy Court or in any of the Chapter 11 Cases to enforce any rights or obligations under the Plan or to defend challenges to the validity or amount of a Disputed Claim), absent further order of the Bankruptcy Court: (i) asserting, commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting any of the Debtors' Estates, the Assets, the Liquidation Trust, or the Trust Assets, on account of any claim for which the Debtors or Liquidation Trustee are directly or indirectly liable, including without limitation, by way of contribution, indemnity or otherwise;  (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against any of the

Debtors' Estates, the Assets, the Liquidation Trust, or the Trust Assets; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien of any kind against the Debtors' Estates, the Assets, the Liquidation Trust, or the Trust Assets; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; (v) prosecuting, commencing, continuing or otherwise asserting any right, claim or cause of action released pursuant to the Plan or that is otherwise inconsistent with the provisions of the Plan against the Debtors' Estates, the Assets, the Liquidation Trust, or the Trust Assets; and (vi) acting to obtain possession of the Trust Assets or to exercise control over the Trust Assets or any rights or interests of the Debtors, their Estates, the Liquidation Trust, or the Liquidation Trustee with respect to the Assets or the Trust Assets. If the Liquidation Trustee, the Trust Assets or the Debtors Estates are injured by any willful violation of such injunction, the Liquidation Trustee shall be entitled to seek actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages, from the willful violator(s). Notwithstanding the foregoing, holders of Disputed Claims are not enjoined from and shall retain all rights to defend or prosecute such Disputed Claims in the Bankruptcy Court, including, without limitation, the right to assert affirmative defenses, setoff, or recoupment, if applicable. Nothing herein shall impair or delay any rights of any Holder of a Claim against the Debtors, their Estates, the Assets, the Liquidation Trust, or the Trust Assets, to pursue any action against any third party (including, without limitation, Insiders) who may be directly liable to such Holder. Nothing in Article IX.C of the Plan shall be construed to in any way enjoin, prevent, or limit the Liquidation Trustee's rights, power, and authority under the Plan and the Liquidation Trust Agreement.

30.    <u>Existing Injunctions and Stays Remain in Effect Until Effective Date</u>.    Unless otherwise provided, all injunctions or stays provided for in these Chapter 11 Cases pursuant to sections 105, 362, or 525 of the Bankruptcy Code, or otherwise, and in existence on the date of this Order, shall remain in full force and effect until the Effective Date.

31.    <u>Immediate Effectiveness; Successors and Assigns</u>.    Immediately upon entry of this Order, the terms of the Plan, all exhibits thereto and all other relevant and necessary documents, shall be, and hereby are, deemed effective and binding upon the Plan Proponents, any and all Holders of Claims or Interests, and any other interested parties and all respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing parties.

32.    <u>Vacatur of Order</u>.    If any provision of this Order is hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan or this Order prior to receipt of written notice of such order by the Plan Proponents or Liquidation Trustee. Notwithstanding any such reversal, modification, or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Order, the Plan, all documents relating to the Plan, and any amendments or modifications to any of the foregoing.

33.    <u>Final Order and Waiver of Stay</u>.    This Order constitutes a final order and the period in which an appeal must be Filed shall commence upon the entry hereof. The stay of this Order provided by any Bankruptcy Rule is hereby waived and this Order shall be effective and enforceable immediately upon entry by the Court.

Dated:  September 28, 2017
        Wilmington, Delaware

                HONORABLE BRENDAN LINEHAN SHANNON
                CHIEF UNITED STATES BANKRUPTCY JUDGE