# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HAMPSHIRE GROUP, LIMITED, et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 16-12634 (BLS) |
| RICHARD S. LAUTER, solely in his capacity as Trustee of the Hampshire Liquidation Trust,<br><br>                Plaintiff,<br><br>vs.<br><br>PORT LOGISTICS GROUP, INC.,<br><br>                Defendant. | Adv. Proc. No. 18-_____ |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS AND
RECOVER AVOIDED TRANSFERS OR THE VALUE THEREOF**

Plaintiff, the Trustee (the "Trustee" or the "Plaintiff") of the Hampshire Liquidation Trust (the "Trust"), the successor in interest for purposes of, among other things, this Complaint to the debtors and debtors in possession in the above-captioned cases (the "Cases") under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), by and through its undersigned counsel, as and for its *Complaint to Avoid Preferential Transfers and Recover Avoided Transfers or the Value Thereof* (the "Complaint") against the above-captioned defendant (the "Defendant"), alleges as follows:

**Jurisdiction and Venue**

1.      On November 23, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing

their Cases (the "Cases").  The Debtors continue in possession of their property and are operating and managing their businesses as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.  No trustee or examiner was appointed in these Cases prior to confirmation of the Plan (as defined below).

2.       This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.  This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and is a core proceeding under 28 U.S.C. §157(b).  Venue herein is proper pursuant to 28 U.S.C. §§ 1409(a) and 1409(c).

3.       In accordance with Local Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff hereby states that he consents to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.       Plaintiff alleges each allegation herein upon information and belief.  To the extent the Plaintiff learns of additional facts after the filing of this Complaint, Plaintiff reserves the right to amend the allegations of the Complaint or, in the alternative, Plaintiff will work to address any defenses to the allegations herein that Plaintiff was not aware of at the time the Complaint was filed.

5.       On September 28, 2017, the Court entered its *Order (I) Confirming First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors of Hampshire Group, Ltd., et al., and (II) Approving Disclosure Statement on a Final Basis* (the "Confirmation Order") [Dkt. No. 349], which, among other things, confirmed the *First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official*

*Committee of Unsecured Creditors of Hampshire Group, Ltd., et al.* (the "Plan").

6. The effective date of the Plan occurred on October 4, 2017. On that date, the Trustee assumed his duties pursuant to and in accordance with the Disclosure Statement (as defined in the Confirmation Order), the Plan, the Trust Agreement (as defined in the Plan), and the Confirmation Order.

### The Parties

7. The Plaintiff is the Trustee of the Trust and is authorized to file this Complaint pursuant to the Plan, the Trust Agreement (as defined in the Plan), and the Confirmation Order.

8. Upon information and belief, Defendant Port Logistics Group, is an entity organized and existing under the laws of the state of Delaware, with its principal place of business at 288 Mayo Ave., City of Industry, CA 91789.

9. Within ninety days prior to the Petition Date, the Debtor made transfers to Defendant in the total amount of $721,288.99, as more specifically described in Exhibit A attached hereto (the "Preferential Transfers") and incorporated herein by this reference.

### First Claim for Relief
### (To Avoid Preferential Transfers Pursuant to Bankruptcy Code § 547)

10. The Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

11. The Preferential Transfers constitute the transfer of an interest of the Debtor in property for the benefit of Defendant.

12. Each of the Preferential Transfers constitutes a transfer of an interest of the Debtor in property for or on account of an antecedent debt owed by the Debtor to Defendant before the transfer was made.

13. Each of the Preferential Transfers constitutes the transfer of an interest of the Debtor in property made while the Debtor was insolvent.

14. Each of the Preferential Transfers constitutes the transfer of an interest of the Debtor in property made within ninety days before the Petition Date.

15. Each of the Preferential Transfers constitutes the transfer of an interest of the Debtor in property that enabled the Defendant to receive more than it would receive if: (i) the Debtor's case was a case under Chapter 7 of the Bankruptcy Code; (ii) the Preferential Transfers had not been made; and (iii) the Defendant received payment on its respective debt to the extent provided by the provisions of the Bankruptcy Code.

16. Each of the Preferential Transfers constitutes a preferential transfer that is avoidable by the Plaintiff pursuant to Bankruptcy Code § 547.

## Second Claim for Relief
**(Recovery of Avoided Transfers Pursuant to Bankruptcy Code § 550(a))**

17. The Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

18. The Plaintiff is entitled to avoid the Preferential Transfers pursuant to the Bankruptcy Code as alleged above.

19. The Defendant was the initial transferee of the Preferential Transfers, the entity for whose benefit those transfers were made, or the immediate or mediate transferees of such initial transferees.

20. By reason of the foregoing, the Plaintiff is entitled to recover from the Defendant, for the benefit of the Debtor's estate, the Preferential Transfers or the value thereof pursuant to Bankruptcy Code § 550(a).

## Third Claim for Relief
**(Preservation of Transfers Pursuant to Bankruptcy Code § 551)**

21. The Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though fully set forth herein.

22. Entitlement to avoid and recover the Preferential Transfers is property of the Debtor's estate.

23. By reason of the foregoing, the Preferential Transfers or the value thereof are and should be preserved for the benefit of the Debtor's estate pursuant to section 551 of the Bankruptcy Code.

WHEREFORE, the Plaintiff prays for judgment as follows:

1. On the First Claim for Relief, judgment in favor of the Plaintiff and against the Defendant avoiding the Preferential Transfers pursuant to Bankruptcy Code § 547(b);

2. On the Second Claim for Relief, judgment in favor of the Plaintiff and against the Defendant determining that the Plaintiff is entitled to recover the Preferential Transfers, or the value thereof, pursuant to Bankruptcy Code § 550;

3. On the Third Claim for Relief, preserving the Preferential Transfers for the benefit of the Debtor's estate pursuant to Bankruptcy Code § 551;

4. For the costs of suit incurred herein to the extent permitted by law;

5. For prejudgment interest on any award, attorneys' fees, and costs incurred by the Debtor and/or the Plaintiff to the extent allowed by any applicable law, contract, or statute; and

6. Such other and further relief as the Court may deem just and proper under the circumstances.

|  |  |
|---|---|
| Dated: November 21, 2018<br>Wilmington, Delaware | **GELLERT SCALI BUSENKELL & BROWN, LLC**<br><br>*/s/ Michael Busenkell*<br>Michael Busenkell (DE 3933)<br>Evan W. Rassman (DE 6111)<br>1201 North Orange Street, Suite 300<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-5800<br>Facsimile: (302) 425-5814<br>Email: mbusenkell@gsbblaw.com<br>          erassman@gsbblaw.com<br><br>*Counsel to Plaintiff* |